ROBERT J. WYNN, plaintiff in error, *vs.* THE GEORGIA RAILROAD AND BANKING COMPANY, defendant in error.

If the declaration contain no cause of action, but there has been a verdict on it, and the Court has granted a new trial because the verdict is contrary to the evidence, this Court will affirm the judgment. (R.)

New Trial. Before Judge ROBINSON. Morgan Superior Court. September Term, 1870.

See the cause of the Georgia Railroad and Banking Company against Robert J. Wynn, *ante.* After the demurrer

was overruled, the cause was tried. The substance of the evidence as to the cause of Mrs. Wynn's injury and consequent death, etc., was as follows: The pay train was running, not on any schedule of which the public had notice, but on one of which the employees of the company had notice, and at usual speed. Mrs. Wynn, her daughter, her son, about fourteen years old, and driver, about sixteen years old, were in the carriage, and had just passed over the railroad at a public crossing, and the carriage was stopped, for what purpose does not appear. The coming train was hidden from them by undergrowth, etc. The whistle was not blown. The passing train frightened the mules; the driver first, then the son, then Mrs. Wynn, and last the daughter, jumped out. The evidence was conflicting as to whether the driver abandoned the mules or held them. They ran away, but did no damage to the carriage or harness. Mrs. Wynn fell from the carriage and was so injured as to cause her death.

As to damages, it was shewn that her physician's and undertaker's bills amounted to $162 00. One witness testified that she was worth $1,200 00 *per annum* to her husband in taking care of his domestic affairs, and another said she was worth from $11 00 to $15 00 per month. Her age was forty-seven years, and she was in good health.

Defendant's counsel requested the Court to charge the jury, that Wynn could not recover damages for the death of his wife. He refused so to charge, but did charge that "every person may recover for *torts* committed to himself or his wife or child, or ward or servant." The jury found for plaintiff $7,000 00 and costs. A new trial was moved for upon the ground that the verdict was strongly and decidedly against the weight of the evidence, and because the Judge refused to charge as requested, and charged as he did, etc. He granted a new trial on the ground that the verdict was strongly and decidedly against the weight of evidence. The granting of a new trial is assigned as error.

THOMAS G. LAWSON; REESE & REESE, for plaintiff in error.

A. G. & F. C. FOSTER; BILLUPS & BROBSTON, for defendant.

LOCHRANE, Chief Justice.

This was an action brought by Mr. Wynn against The Georgia Railroad Company, for damages, growing out of an accident near a public crossing, by the results of which the wife of the plaintiff died. The declaration alleges negligence upon the part of the defendant, by their failure to erect blow posts at such public crossing, within the provisions of the Code, and their failure to blow the whistle, in terms of law. The declaration avers the deprivation and loss of the comfort and society of his said wife, and her aid in the management of his domestic affairs during the time she lived after such accident, and his expenditure of money in relation thereto, as well as the injuries sustained by the plaintiff by her death, consequent upon the loss to himself and his family, with the usual and proper averments in this particular. To this declaration a demurrer was filed upon two grounds: first, that the statute did not give a right of action unless the injury or death resulted from a collision upon their road; second, because a husband has no right of action, either at common law or under the statute law of Georgia, to recover damages for the death of the wife. I shall not discuss either of these two propositions, inasmuch as they come before this Court upon a separate bill of exceptions, and will be decided in their proper order. Suffice it to say that, in the case now before us, the Court overruled the demurrer and the case went to the jury. A large number of witnesses were introduced, and after the charge of the Court, to which we will hereafter advert, the jury found for the plaintiff $7,000 00. A motion was made for a new trial by the defendant, upon the ground that the verdict of the jury was contrary to the evidence, upon the principles of justice and equity, and among other

grounds, that the Court refused to charge the jury as reqested: that by the law in Georgia, there is no remedy given except in case of the death of the husband or parent, and no remedy is given to a husband on the death of his wife; and did charge that every person may recover for *torts* committed to himself or his wife, or his child, or his ward, or his servant. The Court granted a new trial upon the ground that the verdict was strongly and decidedly against the weight of the evidence. We do not deem it necessary to go into this mass of testimony, and analyze questions of fact arising under it. For reasons given by this Court in the case of *The Georgia Railroad vs. Wynn, ante,* we hold that the Court below erred in its charge to the jury, and in refusing to charge as requested. And in consequence of this error, without expressing an opinion upon the merits of the evidence, we affirm the judgment of the Court below granting a new trial, and remit the case back under the decision of this Court, upon the demurrer, for a new trial, under the rules of law, to be applied to it under our judgment upon the legal questions made in such demurrer.

Judgment affirmed.